IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mark Griffin, | ) | C/A NO. 3:06-3350-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Lexington Medical Center, Officer | ) | |
| Valerie Campbell, Officer Roger Casteal | ) | |
| and Officer Daniel Johnson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendants' motion for summary judgment. The motion is granted in part, denied in part, and granted as revised in part.

## STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. "It is not enough to move for summary judgment without

supporting the motion in any way or with conclusory assertion that the plaintiff has no evidence to prove his case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986) (White, J., concurring). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. Once a properly supported motion is presented, the nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

## DISCUSSION

### I. Motion for Summary Judgment as to Defendant Roger Casteal

The motion for summary judgment as to Defendant Roger Casteal is based on a failure of service of process and resulting absence of personal jurisdiction. Plaintiff does not address this aspect of Defendants' motion. Thus, it is presumed to be unopposed.

Nonetheless, the court will not grant summary judgment (a decision on the merits) given the basis of the motion. The court will, however, deem the motion a motion to dismiss for failure of service and absence of personal jurisdiction. So construed, the motion is granted and Defendant Roger Casteal is dismissed *without prejudice*.

**II.     Motion for Summary Judgment as to Malpractice Claim**

As Plaintiff correctly notes, the complaint includes no malpractice claim. Defendants' motion for summary judgment as to any such claim must, therefore, be denied. Nonetheless, the court will hold Plaintiff to his characterization of his complaint and disallow any future amendment of the complaint in this action to add such a claim.

**III.    Motion for Summary Judgment as to Federal Civil Rights Claim (42 U.S.C. § 1983)**

The remaining Defendants, two individuals and the Lexington Medical Center(LMC),[1] also seek summary judgment as to Plaintiff's federal civil rights claim which is pursued under 42 U.S.C. § 1983. In that claim, Plaintiff alleges that Defendants violated his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution by subjecting him to seizure without probable cause or other justification. Complaint ¶ 16.

As to this claim, Plaintiff relies solely on an unsupported statement of facts, directing the court to no record evidence. This statement of facts is, essentially, an excerpt of the rather cryptic allegations set forth in Plaintiff's unverified complaint which may be summarized as follows: (1) on December 24, 2004, Plaintiff was stopped for driving under suspension and was transported to the "Lexington County Detention Center which refused to admit him," Complaint ¶¶ 5-6; (2)

---

[1] Although Defendants have indicated this entity is more correctly known as Lexington Health Services District, Inc., all parties refer to it as Lexington Medical Center or LMC throughout their memoranda. This court will do the same here.

Plaintiff was, instead, "transported by ambulance to the Lexington Medical Center" where he was placed under guard and denied the right to leave, Complaint ¶¶ 8-9; (3) Plaintiff attempted to leave but "was . . . bodily thrown and slammed on the bed by Defendants," Complaint ¶ 10; (4) "Defendants choked Plaintiff and held him down with a knee planted in his chest" and also "placed handcuffs around [his] wrists," Complaint ¶ 11; (5) Plaintiff was, ultimately, allowed to leave but only after being seen by a doctor, Complaint ¶ 14. As to all of these allegations, Plaintiff refers generically to "Defendants," making no differentiation between LMC and the individual Defendants or between the various individual Defendants.

In their motion, Defendants assert that:

> The Plaintiff was injured in a confrontation with the police. After this incident [he] was taken to Lexington Medical Center. While waiting to be examined, the Plaintiff made several aggressive attempts to leave the premises which resulted in a confrontation with security guards.

Dkt. No. 38-2 at 1. No evidence is offered in support of these statements.[2]

Although neither party has directed the court to any specific evidence, the record does contain medical records of Plaintiff's treatment on the date in question and other related contemporaneous records from LMC (*i.e.* the security officer's log). *See* Dkt. No. 33. These records, filed by Defendants as part of a medical records custodian disclosure, indicate that: (1) Plaintiff was treated at LMC on December 27, 2004, after being brought to LMC by a law enforcement officer; (2) Plaintiff made comments suggesting he had had a scuffle with law enforcement officers; (3) on

---

[2] Defendants apparently deposed Plaintiff but have not filed any portions of that deposition in support of their motion for summary judgment. Neither have they offered affidavits from the security officers or any other person involved in or witness to the incident. While the record does contain some quotations from Plaintiff's deposition, those quotations were submitted in support of an unrelated motion *in limine* on the issue of causation and have no relevance to the present motion. *See* Dkt. Nos. 18 & 23.

4

arrival, Plaintiff was intoxicated and agitated; (4) Plaintiff was yelling at staff and was informed that he "must stay to be cleared by an MD"; (5) security was placed at the door; (6) Plaintiff allegedly threatened security, causing him to be placed in handcuffs and threatened with jail. *Id.* Signatures on these forms include one by "V. Campbell" and one partially illegible signature which is consistent with someone with the initials D.J. Neither Defendants Campbell nor Johnson have denied their involvement in whatever events did occur at LMC on December 27, 2004.

**Argument as to all Defendants.** All Defendants argue, rather generically, that they are entitled to summary judgment on the Section 1983 claim because Plaintiff has "failed to adduce any evidence that LMC or its employees acted under color of any statute or other law" or that they "deprived the Plaintiff of any right secured by the Constitution or laws of the United States." Dkt. No. 38-2 at 3. In addition, Defendants argue that "the record in this case establishes that LMC and its agents acted reasonably as a matter of law." Dkt No. 38-2 at 3 (noting that "[a] showing of excessively unreasonable behavior is a required element of this sort of 42 U.S.C. § 1983 claim"). The focus of the last argument is unclear given that the cited case, *Wesson v. Oglesby*, 910 F.2d 278 (5th Cir. 1990), is an Eighth Amendment excessive force case, not a Fourth Amendment unreasonable seizure claim. Reasonableness is, nonetheless, a relevant consideration. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir.1996) ("The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." ).[3]

---

[3] Reasonableness would also be a relevant consideration if Plaintiff's Section 1983 claim was construed as one for excessive force in the execution of the detention, as opposed to the expressly stated claim for seizure without probable cause. *See Graham v. Connor,* 490 U.S. 386, 388 (1989) (whether an officer used excessive force in the course of a seizure is analyzed "under the Fourth Amendment's 'objective reasonableness' standard."). The extent of knowledge of an objectively reasonable officer, while a somewhat different "reasonableness" consideration, would

5

**Action under color of law.** The medical records discussed above, as well as Defendants' characterizations of the facts in their answer and memorandum[4] support the conclusion that Defendants were acting, at least to some extent, under the direction of the law enforcement officers when they initially refused to allow Plaintiff to leave.[5] Plaintiff's continued detention would reasonably appear to be either a continued exercise of the same delegated power or an exercise of the authority granted to security officers under state law. *See* S. C. Code § 40-18-110 (granting arrest powers to private security guards). Further, certain statements within Defendants' answer (*e.g.*, reliance on sovereign immunity and other governmental defenses) as well as publicly available information[6] suggest that LMC is a governmental entity which, presumably, exercises some level of governmental power, including through its security officers. In any event, the record is not so clear as to allow the court to conclude, as a matter of law, that Defendants did not act under color

---

also be relevant to a qualified immunity defense, though no such defense is raised in this action, much less argued as a basis for summary judgment. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (qualified immunity bars claims based on any action which "does not violate clearly established ... constitutional rights of which a reasonable person would have known").

[4] Although such unsworn statements cannot be viewed as "evidence" favoring Defendants, they can, at least for purposes of summary judgment, be treated as admissions on which Plaintiff may rely.

[5] There would not appear to be any other basis for their initial refusal to allow Plaintiff to leave. Defendant LMC's own records suggest that Plaintiff was, at various points, detained without his consent.

[6] *See, e.g.,* Lexington County, SC, Ordinance 34-66(a)& (c) (providing that Lexington Health Services District is "a body politic and corporate and a political subdivision of the county and state" and that "[a]ny and all health care facilities operated by the district . . . shall be deemed governmental entities, political subdivisions, and governmental health care facilities within the meaning of the state constitution and S.C. Code 1976 § 15-78-10 et seq."). *See also* 1987 S.C. Op. Atty. Gen. 204, 1987 WL 245488 at *2 (1987) (noting that S.C. Code § 44-7-10 declares such districts to be bodies politic and that they should consequently, be considered political subdivisions of the state).

of state law in detaining Plaintiff and taking whatever other actions were taken in support of that detention.

**Reasonableness of security officer's actions.** What minimal evidence has been presented supports only the conclusions that Plaintiff was detained against his will by one or more security officers employed by LMC and that Defendants Campbell and Johnson were involved in that detention. The reasons for the detention are suggested by notations in records maintained by LMC. The court does not, however, find these non-treatment-related statements, which were apparently made by the officers themselves, sufficient to establish the reasons for the detention, much less that the detention and manner of effecting it were reasonable. Thus, the court cannot determine, and certainly not as a matter of law, that Defendants actions were reasonable.

**Argument specific to LMC.** Specifically as to LMC, Defendants assert that Plaintiff has failed to adduce any evidence that "any of the agents of LMC acted pursuant to a policy of LMC." Dkt No. 38-2 at 3 (noting that "proof of such a policy is a necessary element to hold an entity such as LMC, as opposed to a natural person, liable under 42 U.S.C. § 1983"). Plaintiff offers nothing in opposition other than his generic reference to the complaint as alleging that the actions of all Defendants were taken "under the color and pretense of laws, policies, customs and usages of Lexington County Hospital." Dkt. No. 47 at 2. Nothing in the record, however, suggests that a specific policy of LMC formed the basis of any allegedly improper action directed against Plaintiff or any other basis on which LMC might be held directly responsible for any violation of Plaintiff's constitutional rights. Thus, Defendant LMC is entitled to summary judgment on the Section 1983 claim. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978) (employer cannot be held liable under Section 1983 based purely on a *respondeat superior* theory). *See also Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) (a single isolated incident of misconduct is

7

not sufficient to establish a pattern or practice necessary to impose liability on a municipality); *Rodriguez v. Avita*, 871 F.2d 552 (5th Cir. 1989) (noting that if a single act were adequate to establish pattern or practice liability, then such liability would be indistinguishable from the doctrine of *respondeat superior* which is not available under Section 1983).

### IV.    False Arrest Claim

Defendants have not moved for summary judgment as to the false arrest claim. This claim, therefore, remains for trial as to all Defendants other than dismissed Defendant Casteal.

### CONCLUSION

For the reasons set forth above, the court **dismisses** Defendant Roger Casteal from this action without prejudice and **grants** the motion for summary judgment to the extent it asserts a claim against Defendant Lexington Medical Center under 42 U.S.C. § 1983. The court **denies** the motion to the extent it seeks summary judgment in favor of the two remaining individual Defendants as to the same claim and to the extent it seeks summary judgment on a claim that has not been asserted in this action (medical malpractice).

The Section 1983 claim shall, therefore, proceed to trial to the extent asserted against Defendants Valerie Campbell and Daniel Johnson. The false arrest claims shall, likewise, proceed to trial as to all Defendants other than Defendant Casteal.

IT IS SO ORDERED.

                                            s/ Cameron McGowan Currie  
                                            CAMERON MCGOWAN CURRIE  
                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
November 5, 2007